**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EVERBANK, etc.,

        Plaintiff,

vs.                                                  Case No. 3:14-cv-1366-J-32PDB

VOYAGE FINANCIAL GROUP, INC., etc.,

        Defendant.

**ORDER**

This contract dispute is before the Court on defendant Voyage Financial Group, Inc.'s Motion to Dismiss and/or for More Definite Statement (Doc. 15), supported by a memorandum (Doc. 16), to which plaintiff Everbank has responded in opposition (Doc. 17). Voyage argues that Everbank's one count amended complaint for contractual indemnity is due to be dismissed for failure to state a claim.

Upon review, the Court disagrees, finding Everbank has adequately pled the elements of contractual indemnity under Florida law.[1] See Dade County School Bd. v. Radio Station WQBA, 731 So. 2d 638, 643 (Fla. 1999) ("A contract for indemnity is an agreement by which the promisor agrees to protect the promisee against loss or damages by reason of liability to a third party."); see also Osorio v. State Farm Bank, F.S.B., 857 F.Supp. 2d 1312, 1315 (S.D. Fla. 2012) (citing Dade County); Sorvillo v. Ace Hardware Corp., Case No. 2:13-cv-629-FtM-29DNF, 2014 WL 2506138 (M.D. Fla. Jun. 3, 2014) (citing Osorio and holding that

---

[1] Article X, Section 7 of the parties' contract provides it shall be governed by Florida law. See Doc. 11 (Amended Complaint), Exhibit 1.

allegations that the parties contractually agreed that the seller would indemnify the buyer for any and all third party claims caused by product defects was sufficient to state a claim for contractual indemnification).

The Court rejects Voyage's contention that Everbank must allege that it is "without fault" to state a claim for contractual indemnity. While such allegation may be necessary to state a claim under Florida law for common law indemnity, the claim here is one for contractual indemnity and Everbank has pled allegations sufficient to state a claim for indemnification consistent with the parties' contract.[2] The Court likewise rejects Voyage's argument that Everbank's claim for contractual indemnity must be pled with particularity where Everbank alleges some of its contract losses were due to Voyage's misrepresentations. Even if Everbank was required to plead its claim with particularity, the Court would find that it has done so, as Everbank has attached and incorporated into its Amended Complaint the documents received from Fannie Mae that spell out why Fannie Mae determined the appraisal failed to conform to its requirements, thereby demanding that Everbank repurchase the loan. See Doc. 11, Exhibits 2 & 3. Thus, Everbank has given Voyage particularized notice of "the circumstances allegedly constituting fraud or mistake." See Rule 9(b), Fed.R.Civ.P. See also, Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (explaining that Rule 9(b) does "not abrogate the concept of notice

---

[2]Thus, the Court disagrees with the decision in Hill v. Nagpal, 2013 WL 246746 (S.D. Fla. Jan. 22, 2013), to the extent that it takes out of context a statement in National R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc., 286 F.3d 1233, 1260 (11th Cir. 2002), which was summarizing arguments made by the parties and rejected by the district court.

pleading").

While Voyage seeks to pick and choose from the contract provisions and points to documentation about the appraisal at issue to explain why it is not liable to indemnify Everbank, at the motion to dismiss stage, the Court reviews the parties' contract as a whole and takes the plaintiff's allegations as true; doing so, it finds Everbank has stated a claim for contractual indemnity consistent with the requirement of Rule 8 of the Federal Rules of Civil Procedure.  Voyage's motion raises potentially valid defenses that it may assert as the case moves forward, but its motion to dismiss at the pleadings stage is due to be **denied**.  Voyage shall file an answer to Everbank's amended complaint no later than **May 22, 2015**.

In considering the parties' papers, including their Case Management Report (Doc. 19), the Court is concerned about Voyage's stated predicament that it has produced what discovery it has, that it is now out of business, and that it cannot afford the travel expenses necessary to mediate the parties' dispute.  To that end, the Court has determined to set this case for a **telephone preliminary pretrial conference** on **June 1, 2015 at 11:00 a.m.** before the undersigned to explore alternatives to a typical Track Two schedule for this case.[3]

---

[3]**The parties are directed to contact CourtCall at (866) 582-6878 no later than May 28 to make the telephone conference call arrangements.**  CourtCall will provide counsel with a number to call a CourtCall operator ten minutes before the hearing who will then connect the parties with the courtroom's audioconference system.  There is a fee for using this service ($30 per caller for the first 45 minutes, $7 per 15 minute increment thereafter).  The parties may not use cell phones or speaker phones during the call.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of April, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
Mari Diaz, CRD